**IN RE MARTIN**

[340 N.C. 248 (1995)]

IN RE: INQUIRY CONCERNING A JUDGE, NO. 169, JAMES E. MARTIN, RESPONDENT

No. 236A94

(Filed 5 May 1995)

### Judges, Justices, and Magistrates § 36 (NCI4th)— censure of district court judge—conduct prejudicial to administration of justice

A district court judge is censured by the Supreme Court for conduct prejudicial to the administration of justice that brings the judicial office into disrepute based upon the following conduct: (1) respondent's initiation of a series of extensive *ex parte* communications with law enforcement and court personnel concerning the fifteen-year-old son of a friend who had been taken into custody for felonious breaking and entering, informing personnel that the juvenile was "a good kid," asking for help on behalf of the juvenile, and expressing his view that the matter was not one for the court; and (2) respondent's initiation of *ex parte* communications with a law officer concerning an automobile accident which resulted in charges being filed against the driver of a car in which the daughter of respondent's friend was a passenger and respondent's expression to the officer of his opinion that the matter was civil rather than criminal, and that if the case came before him he would so declare it, and his suggestion to the officer that he reconsider his assessment as to fault.

**Am Jur 2d, Judges § 21.**

**Disciplinary action against judge for engaging in ex parte communication with attorney, party, or witness. 82 ALR4th 567.**

This matter is before the Court upon a recommendation by the Judicial Standards Commission (Commission), entered 4 May 1994, that Judge James E. Martin, a Judge of the General Court of Justice, District Court Division, Third and now Three-A Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of Canons 2A, 2B, and 3A(4) of the North Carolina Code of Judicial Conduct. Heard in the Supreme Court 14 April 1995.

## IN RE MARTIN

[340 N.C. 248 (1995)]

*Isaac T. Avery, III, Special Deputy Attorney General, Special Counsel for the Judicial Standards Commission.*

*Maxwell, Freeman & Beason, P.A., by James B. Maxwell, for respondent-appellant.*

ORDER OF CENSURE.

It is upon two incidents that the Commission bases its recommendation that respondent be censured: (1) the respondent's initiation of a series of extensive *ex parte* communications with both law enforcement personnel and court personnel concerning the fifteen-year-old son of a friend who had been taken into custody for the felonious breaking and entering of a Wal-Mart store, informing personnel that the juvenile was "a good kid," asking for help on behalf of the juvenile, and expressing respondent's view that the matter was not one for court; and (2) the respondent's initiation of *ex parte* communications with a law enforcement officer concerning an automobile accident which resulted in charges being filed against the driver of a car in which the daughter of respondent's friend was a passenger and respondent's expression to the officer of his opinion that the matter was civil rather than criminal, and that if the case came before him he would so declare it, and his suggestion to the officer that he reconsider his assessment as to fault.

In his answer, the respondent "specifically denies that his conduct was willful misconduct or that it was prejudicial to the administration of justice."

After reviewing the record, the recommendation of the Commission, and the briefs of both parties, and after hearing oral argument, this Court concludes that the respondent's conduct constitutes conduct prejudicial to the administration of justice that brings the judicial office into disrepute within the meaning of N.C.G.S. § 7A-376. The Court approves the recommendation of the Commission that the respondent be censured.

Therefore, pursuant to N.C.G.S. §§ 7A-376, 377, and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that Judge James E. Martin be, and he is hereby, censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

**LAVELLE v. GUILFORD COUNTY AREA MENTAL ILLNESS AUTH.**

[340 N.C. 250 (1995)]

Done by order of the Court in Conference this the 4th day of May 1995.

s/Orr J.

For the Court